**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CHRISTOPHER KANE and
LINDA KANE           :
                    :
     Plaintiffs,     :
                    :     CIVIL ACTION NO. 3:08-cv-1883
     v.              :
                    :
JANET WALTRIP, et al.,     :     (JUDGE CAPUTO)
                    :     (MAGISTRATE JUDGE MANNION)
     Defendants     :

## MEMORANDUM

Presently before the Court is Magistrate Judge Malachy E. Mannion's Report and Recommendation ("R&R") of June 3, 2009 (Doc. 14) and Defendants' Objections to the Magistrate Judge's R&R (Doc. 15). Magistrate Judge Mannion recommended that Respondents' motion to remand this case to the Lackawanna County Court of Common Pleas (Doc. 4) be granted. Defendants enumerated two (2) objections in response to the Report and Recommendation (Objections, Doc. 15). Plaintiffs filed a Memorandum of Law in opposition to Petitioners' objections on June 26, 2009. (Doc. 18). Accordingly, the matter has been fully briefed by all parties and is ripe for disposition. As the Court finds that the plaintiffs complaint alleges a reasonable basis in fact or colorable ground supporting the claim against Defendant Pump Integration, and the possibility exists that the state court will find that the complaint states a cause of action against Defendant Pump Integration, the Court will deny Defendants' objections, and adopt Magistrate Judge Mannion's Report and Recommendation remanding the case to the Lackawanna County Court of Common Pleas.

## BACKGROUND

On September 9, 2008, the plaintiffs filed a complaint in the Court of Common

Pleas of Lackawanna County arising out of the actions of the defendants involving a July 2, 2005, work injury suffered by the plaintiff, Christopher Kane, ("Mr. Kane"). (Doc. No. 1, Ex. A, ¶ 40 ). The complaint advances the following causes of action against all defendants: (1) fraudulent misrepresentation/concealment; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) breach of fiduciary duty; (5) breach of contract; (6) good faith and fair dealing; (7) intentional infliction of emotional distress; (8) negligent infliction of emotional distress; (9) violations of the Unfair Trade Practices and Consumer Protection Laws; (10) bad faith; (11) negligence in handling and direction of medical care and treatment of a person; and (12) loss of consortium. (Doc. No. 1, Ex. A).

In their complaint, the plaintiffs allege that Mr. Kane suffered an injury primarily to his left middle finger and left hand while acting within the scope of his employment on July 2, 2005. (Doc. No. 1, Ex. A, ¶ 40.)  Later, Mr. Kane developed a left middle finger/hand wound infection, which required multiple surgeries.  (*Id*. at ¶¶ 41-42).

In May 2006, Mr. Kane underwent a biopsy operation to examine sample tissue from his left middle finger and was diagnosed with squamous cell carcinoma impacting his left middle finger/hand requiring partial amputation. (*Id*. at ¶¶ 46-47). As a result, he was referred Dr. Greenwald, an oncologist, who advised that it was necessary to treat the squamous cell carcinoma condition aggressively. (*Id*. at ¶¶ 49-52). At this time, the plaintiffs allege that defendants were aware that Mr. Kane needed of oncologic treatment and did not have alternative private medical insurance coverage to pay for the treatment if Workers' Compensation refused payment. (*Id*. at ¶ 54).

On September 15, 2006, Dr. Greenwald authored a report which confirmed that the

2

squamous cell carcinoma condition was related to the July 2, 2005, work injury and required immediate medical care and treatment and gave the report to the defendants. (*Id*. at ¶¶ 55-56). The defendants refused to acknowledge that Mr. Kane had suffered any work related injuries, including the squamous cell carcinoma condition, and refused to pay for medical care and treatment to be received by Mr. Kane. (*Id*. at ¶ 57). From July 20, 2006, through November 15, 2007, the defendants refused to recognize Mr. Kane's work injury and need for treatment and received repeated notice that, if left untreated, the plaintiff's condition would be aggravated and spread beyond the left middle finger and hand. (*Id*. at ¶¶ 59-71).

On November 15, 2007, the defendants received a Decision and Order from Workers' Compensation Judge Doneker that accepted Mr. Kane's work-related claim in its entirety and ordered imposition of penalties for an unreasonable contest. (*Id.* at ¶ 71 ). However, by the time the defendants were ordered to accept these facts, Mr. Kane's squamous cell carcinoma condition had become aggravated, spread and metastasized to his left elbow, left upper extremity, torso and internal organs. (Id. at ¶¶ 72-80). As a result of the aggravation of his condition, Mr. Kane was required to undergo an amputation of his left arm. (Id. at ¶ 79).

The plaintiffs allege that the aggravation of Mr. Kane's squamous cell carcinoma condition beyond his left middle finger and hand were directly attributable to the defendants' actions. (*Id.* at ¶ 82). Further, the plaintiffs allege that the defendants engaged in intentional actions before the work-related injury had been accepted that caused the aggravation of the condition which produced a more serious and dire medical condition that has spread throughout Mr. Kane's body. (Id. at ¶ 81). The plaintiffs allege

that the defendants engaged in fraudulent misrepresentation and/or non-disclosures of material facts that were calculated to delay the receipt of medical care and treatment by Mr. Kane causing him to suffer an aggravation of his condition. (Id. at ¶ 82). The plaintiffs further allege that the defendants acted to concealed, altered or intentionally misrepresented information that served to aggravate Mr. Kane's condition prior to any Workers' Compensation adjudication when the defendants knew that such actions would produce an aggravation of the condition. (Id. at ¶¶ 84-89).

Plaintiffs' complaint alleges that all of the defendants had evidence from both treating providers and medical evaluators retained by the defendants that confirmed the work-related nature of the squamous cell carcinoma no later than May 22, 2007, yet they continued to refuse to acknowledge the work injury or pay for medical treatment. (Id. at ¶¶ 90-97).

On October 10, 2008, the defendants filed a notice of removal, arguing that this court has diversity jurisdiction over the complaint pursuant to 28 U.S.C. §1332, because the only non-diverse defendant, Pump Integration, Inc. ("Pump Integration"), was fraudulently joined to destroy diversity jurisdiction or, in the alternative, is a nominal party. (Doc. 1). The defendants argue that the Pennsylvania Workmen's Compensation Act, ("WCA"), is the sole and exclusive means of recovery against employers for all injuries arising out of accidents occurring within the course of employment. The defendants claim that the "[p]laintiffs have engaged in artful pleading and have brought a cause of action against a party with no reasonable prospect of liability in an attempt to avoid well-settled Pennsylvania law which provides employers with immunity from claims arising out of the alleged improper handling of its employee's workers' compensation claim." (Doc. 1). The

4

defendants argue that the plaintiffs have no reasonable basis in fact or colorable ground under Pennsylvania law that support the claims against the Defendant Pump Integration, and that the citizenship of defendant Pump Integration should not be considered for diversity or removal purposes. (Doc. 1).

On November 4, 2008, the plaintiffs filed a motion to remand, (Doc. No. 4), a memorandum of law in support, (Doc. No. 5), and exhibits, (Doc. No. 6). A brief in opposition to the plaintiffs' motion was filed on behalf of the Hartford defendants on November 19, 2008, (Doc. No. 8), and the plaintiff filed a reply on November 26, 2008, (Doc. No. 15). On December 1, 2008, Defendant Pump Integration also filed a brief in opposition to the plaintiff's motion for remand, thereby joining the brief previously filed on behalf of the Hartford defendants. (Doc. No. 12). On December 2, 2008, the plaintiffs filed a reply brief in response to defendant Pump Integration's brief in opposition. (Doc. No. 13).

On June 3, 2009, Magistrate Judge Malachy E. Mannion issued a Report and Recommendation that Plaintiff's motion to remand the case to the Lackawanna County Court of Common Please be granted. (Doc. 14). Defendants filed their Objections to the Magistrate Judge's Report and Recommendation, (Doc. 15), with an accompanying Memorandum of Law, (Doc. 16), on June 22, 2009. In their objections, Defendants first argue that the Magistrate Judge failed to apply well-settled Pennsylvania Law which states with certainty that the WCA bars Plaintiffs' claims against Defendant Pump Integration. (Doc. No. 15 at ¶¶ 1-4.)  Second, the Defendants argue that the Magistrate Judge erred in finding that the Plaintiff's claims fall within the exception to the WCA's exclusivity provisions as set forth in *Martin v. Lancaster Battery Co.,* 606 A.2d 444 (Pa. 1992).  (*Id.* at

5

¶¶ 40-41.)  Plaintiffs filed their Opposition to Defendants' Objections on June 26, 2009. (Doc. No. 18).

## STANDARD OF REVIEW

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

### I.      Fraudulent Joinder

Pursuant to 28 U.S.C. § 1447(c), this Court must remand any action if "it appears that the district court lacks subject matter jurisdiction."  Thus, since this case is before the Court on the basis of our diversity jurisdiction, we must remand if there exists a want of

diversity of citizenship. The United States Supreme Court has held that in order for a federal court to exercise its jurisdiction on the basis of diversity of citizenship, there must be "complete diversity" between the parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Thus, "diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Id.* at 374. Because Plaintiffs and Defendant Pump Integration are citizens of Pennsylvania, it appears that there is a lack of "complete diversity" in this matter.

Nevertheless, Defendants ask the Court to deny Plaintiffs' Motion to Remand on the grounds that Defendant Pump Integration was fraudulently joined as a party. The "fraudulent joinder" doctrine does not require a showing of fraud as the term is generally understood. *Cook v. Pep Boys-Mannie, Moe & Jack, Inc.*, 641 F.Supp. 43, 46 (E.D. Pa. 1985). Instead, the Third Circuit Court of Appeals has noted that joinder is considered fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985) (quoting *Goldberg v. CPC Int'l, Inc.*, 495 F.Supp. 233, 239 (N.D. Cal. 1980)). Thus, joinder may be considered fraudulent if the plaintiff has failed to state a cause of action against the nondiverse defendant. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111-12 (3d Cir.1990) (citations omitted), *cert. denied*, 498 U.S. 1085 (1991). But, "if there is even a possibility that a state court would find that the complaint states a cause of action against [the] resident[] defendant, the federal court must find that joinder was proper and remand the case to state court." *Id.* at 111 (citation

7

omitted).  Furthermore, the Third Circuit Court of Appeals has held that "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses."  *Id.* at 113 (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146 (1914)).

The removing party bears the burden of demonstrating that the plaintiff has fraudulently joined a party in an effort to defeat diversity jurisdiction, and this burden is a heavy one.  *Id.* at 111; *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1011 (3d Cir. 1987), *cert. dismissed sub nom.*, *Am. Standard, Inc. v. Steel Valley Auth.*, 484 U.S. 1021 (1988).  In determining whether a defendant has met this burden, a district court must analyze the complaint, assuming as true all factual allegations made therein. *Steel Valley*, 809 F.2d at 1011.  The Court must also "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff."  *Boyer*, 913 F.2d at 111.  Thus, if we determine that Defendant Pump Integration has been fraudulently joined, we must dismiss the complaint as to Defendant Pump Integration while maintaining jurisdiction over the dispute in this Court.  If, however, we find that Plaintiffs have properly stated a claim against Defendant Pump Integration, we must remand this matter to the Court of Common Pleas in accordance with 28 U.S.C. § 1447(c).

Finally, in determining the legitimacy of a complaint in a jurisdictional analysis, a court does not apply the Rule 12(b)(6) standard, that is, has the plaintiff "failed to state a claim upon which relief may be granted."  Rather, the Court may conclude that parties have been fraudulently joined only upon a finding that a claim is "wholly insubstantial and

8

frivolous." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (1992) (citing *Lunderstadt v. Colafella*, 885 F.2d 66 (3d Cir. 1989). Put another way, the inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than permissible when a party makes a claim of fraudulent joinder. Thus, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted. *Id*.

## II.    Objections

### A.    Objection I

Defendants' first objection concerns Magistrate Judge Mannion's decision not to apply a line of Pennsylvania case law that precludes an employee from bringing common law claims against his employer. (Def.'s Object., Doc. 15 ¶ 1).

Pennsylvania's Workmen's Compensation Scheme provides an exclusive remedy for employees against their employers for any injuries that occur within the scope of employment. 77 PA. STAT. ANN. § 481(a). This exclusivity also applies to an employer's insurance carrier. 77 PA. STAT. ANN. § 501. Generally, the exclusivity clause in the WCA reflects a quid pro quo where employers are protected from the large damage verdicts that can arise in common law actions in exchange for the employer's assumption of liability for all work-related injuries regardless of fault. *See* 77 PA. STAT. ANN. § 481(a); *Kuney v. PMA Ins. Co.*, 578 A.2d 1285, 1286 (Pa. 1990) (citing *Lewis v. Sch. Dist. of Philadelphia*, 538 A.2d 862, 867 (Pa. 1988)).

Several Pennsylvania cases have dismissed plaintiffs' common law claims against their employers for work-related injuries. *See, e.g., Kuney*, 578 A.2d at 1288. For

example, in *Kuney*, the Pennsylvania Supreme Court held that a workmen's compensation carrier that was engaging in fraud to deny an injured claimant benefits was immune from tort suits, reasoning that "permitting a tort action would be inconsistent with the fact that the compensation statute provides a comprehensive system for adjudicating workers' compensation disputes, including specific remedies for the alleged injury." *Id.* at 1286-87.

However, only two years after the *Kuney* decision, the Pennsylvania Supreme Court issued its opinion in *Martin v. Lancaster Battery Co., Inc.*, 606 A.2d 444 (Pa. 1992). In *Martin*, the court held that the WCA's exclusivity provision does not apply to allegations of fraudulent misrepresentation because the employee in such cases is not seeking redress for the work-related injury itself, but for the aggravation of the injury caused by the fraud. *Id.* at 447-448.

Pennsylvania Courts have had several opportunities to interpret *Martin* and its interplay with the WCA. *See, e.g., Santiago v. Pennsylvania Nt'l Mut. Casualty Ins. Co.*, 613 A.2d 1235, 1241 (Pa. Super. Ct. 1992) (holding that *Martin* applies where employer conceals or intentionally misrepresents information related to work-related injury that leads to exacerbation of injury). In *Fry v. Atl. States Ins. Co.*, 700 A.2d 974 (Pa. Super. Ct. 1997), the Pennsylvania Superior Court noted that *Martin* had regularly been construed as standing for the proposition that "only suits for deliberate conduct, specifically for fraudulent misrepresentation, which aggravates a work-related condition are permitted prior to or in lieu of the adjudication of such conduct under the provisions of the WCA." *Id.* (citing *Hammerstein v. Linsday,* 655 A.2d 597, 602 n.5 (1995)). The court read *Kuney* and *Martin* together, concluding "that both fraud and delay leading to exacerbation of the injury

be present to remove a claim from the WCA." *Id.* Ultimately, the plaintiff's claims in *Fry* were dismissed because she conceded that the defendants had not engaged in any fraudulent conduct. *Id.*

As noted above, the defendants' burden at this stage is an extremely heavy one. The Court must resolve any uncertainties regarding controlling substantive law in favor of the plaintiffs and remand to state court if any possibility exists that the complaint states a cause of action against Defendant Pump Integration, regardless of the Court's views on the potential merits of those claims. Although there is a substantial line of cases rejecting plaintiffs' common law claims against their employers and their insurance carriers, the state of the law regarding claims of fraudulent misrepresentation and other intentional conduct against employers is not as "well-settled" as the defendants claim. Given the Pennsylvania Supreme Court's holding in *Martin* and lower courts' interpretations of *Martin* as being germane in cases against employers and their insurance carriers where fraudulent misrepresentation leads to aggravation of a work-related injury, there is a sufficient possibility that the complaint states a cause of action against Defendant Pump Integration to require remand to the state court.

Thus, the Court finds that the plaintiffs' complaint contains reasonable basis in fact or colorable ground supporting the claims against Defendant Pump Integration. Therefore, Defendant Pump Integration was not fraudulently joined, thereby destroying complete diversity of citizenship and requiring the Court to remand to state court. The Defendants' objection on this ground will be overruled.

B.     Objection II

Defendants also object to Magistrate Judge Mannion's finding that plaintiffs' claims fall within the "narrow exception" carved out by *Martin*. The plaintiff in *Martin* sued his employer for intentionally withholding blood tests that revealed that the plaintiff had been exposed to dangerously high levels of lead dust and fumes, thereby aggravating the plaintiff's condition. 606 A.2d at 445-46. The Pennsylvania Supreme Court affirmed the Superior Court and held that the plaintiff's claim of fraudulent misrepresentation was not covered by the exclusivity clause of the WCA. *Id.* at 446. The court reasoned that where an employee is alleging fraudulent misrepresentation on the part of his employer "[h]e is not seeking compensation for the work-related injury itself" but for the "aggravation of the injury aris[ing] from . . . the fraudulent misrepresentation of the employer." *Id.* at 447-48. The court further decided that the legislature "could not have intended to insulate employers from liability for the type of flagrant misconduct at issue herein by limiting liability to the coverage provide by the Workmen's Compensation Act." *Id.* at 448.

After the *Martin* decision, several Pennsylvania cases have attempted to harmonize *Martin* with *Kuney* and the exclusivity provision of the WCA. *See, e.g., Santiago*, 613 A.2d at 1241. Many of these cases have been careful to point out that the *Martin* exception to exclusivity is a narrow one. *See Winterberg v. Transportation Ins. Co.*, 72 F.3d 318, 323 (3rd Cir. 1995) (noting Pennsylvania Supreme Court "carved out a narrow exception" to exclusivity in *Martin*); *Fry*, 700 A.2d at 976 (calling for a "narrow reading" of *Martin*); *Santiago*, 613 A.2d at 1241 (interpreting *Martin* as providing a "limited exception" to exclusivity).

12

Contrary to defendants' objection, neither the Magistrate Judge nor the Court is determining whether plaintiffs' claims fall within the "narrow exception" provided by *Martin*. Instead, the Court's inquiry at this stage focuses only on whether their could be any possibility of a reasonable basis in fact or colorable ground supporting the claims against Defendant Pump Integration. *Martin* created an exception to the exclusivity rule of the WCA that allows employees to sue their employers for fraudulent misrepresentation that causes aggravation of a work-related injury. 606 A.2d at 447-48. Lower courts have interpreted this exception as requiring simply "fraud and delay leading to the exacerbation" of the work-related injury. *Fry*, 700 A.2d at 976.

Assuming that all the factual allegations in the complaint are true and resolving all uncertainties of substantive state law in favor of the plaintiffs, as the Court must, plaintiffs' complaint has alleged sufficient facts to maintain a colorable ground supporting their claims for fraudulent misrepresentation. The plaintiffs' complaint includes counts for intentional misrepresentation and fraudulent misrepresentation, both of which are within the purview of the *Martin* exception, thereby potentially satisfying the fraud element. Plaintiffs also allege that these misrepresentations led to a delay of over one year, during which time Mr. Kane's cancer spread from his left to hand to his left arm, which required amputation, and finally to his internal organs, thereby potentially satisfying both the delay and exacerbation elements.

As the Court finds that the plaintiffs have alleged sufficient facts to create a reasonable basis in fact or colorable claim to support the claims against the defendants based on the *Martin* exception, Defendant Pump Integration was not fraudulently joined.

13

Therefore, complete diversity of citizenship is destroyed and the Court lacks jurisdiction and must remand the case to the Lackawanna County Court of Common Pleas. The Court reiterates that it is not  deciding the likelihood of success or merit of these claims, but only whether the plaintiffs' claims meet the low threshold required to defeat a claim of fraudulent joinder.

**CONCLUSION**

As the Court has found that there is a reasonable basis in fact or colorable ground supporting the claim against Defendant Pump Integration and the possibility exists that the state court will find that the complaint states a cause of action against Defendant Pump Integration, the Court will adopt Magistrate Judge Mannion's recommendation and remand the case to the Lackawanna County Court of Common Pleas.

An appropriate order follows.


September 23, 2009                                    /s/ A. Richard Caputo
Date                                                           A. Richard Caputo
                                                                 United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CHRISTOPHER KANE and
LINDA KANE,                              :
                                         :
          Plaintiffs,                    :
                                         :          CIVIL ACTION NO. 3:08-cv-1883
          v.                             :
                                         :
JANET WALTRIP, et al.,,                  :          (JUDGE CAPUTO)
                                         :
                                         :          (MAGISTRATE JUDGE MANNION)
          Defendants.                    :

<u>ORDER</u>

**NOW**, this 23rd  day of Semptember, 2009, after consideration of Magistrate

Judge Mannion's Report and Recommendation recommending that the Plaintiff's motion

to remand the case to the Lackawanna County Court of Common Pleas be granted (Doc.

14), and of Defendants' objections to the Magistrate Judge's Report (Doc. 15),  **it is**

**hereby ORDERED** that:

1.   Defendants' Objections to the Magistrate Judge's Report and

     Recommendation (Doc. 15) are **OVERRULED**.

2.   The Report and Recommendation (Doc. 14) is **ADOPTED**.

3.   This matter is **REMANDED** to the Lackawanna County Court of Common

     Pleas.

4.   The Clerk of the Court is to mark the matter in this Court **CLOSED**.

                                                    /s/ A. Richard Caputo
                                                    A. Richard Caputo
                                                    United States District Judge